**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MEDPOINTE HEALTHCARE, INC., | : | CIVIL ACTION NO. 04-2019 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| WALTER E. KOZACHUK, | : | |
| Defendant. | : | |

**THE PLAINTIFF**, Meda Pharmaceuticals Inc., as successor-in-interest to MedPointe Healthcare, Inc., having moved for an order enforcing the settlement reached and placed on the record during the May 14, 2008 settlement conference, against defendant, Walter E. Kozachuk (dkt. entry no. 103; see dkt. entry no. 101); and the Magistrate Judge having (1) held a hearing on the motion on January 29, 2009, and (2) issued a Report and Recommendation ("R&R") on March 4, 2009, recommending that (a) the motion be granted, and (b) "sanctions be imposed against [defendant] for the amount of [plaintiff's] reasonable attorneys fees and costs" (dkt. entry no. 108, R&R at 11); and defendant having filed a timely objection to the Magistrate Judge's R&R pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Civil Rule 72.1(c)(2) (dkt. entry no. 118); and plaintiff opposing the objection (dkt. entry no. 119); and

**IT APPEARING** that pursuant to Federal Rule of Civil Procedure 72(b)(3) and Local Civil Rule 72.1(c)(2), because an order enforcing a settlement is dispositive, the Court must make a de novo determination of those portions to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge; but the Court noting it need not conduct a new hearing or take new evidence in making this de novo review, and it may consider the record developed before the Magistrate Judge and make a determination on the basis of that record, Fed.R.Civ.P. 72(b)(3); L.Civ.R. 72.1; and

**DEFENDANT** appearing to object to the Magistrate Judge's finding that "[w]hile the Court did not engage in an extensive voir dire of [defendant], such a voir dire is not necessary" (dkt. entry no. 188, Pl. Obj. at 8; see R&R at 9); and defendant supporting his objection by arguing, inter alia, that (1) due to the "dramatically differing goals" of defendant and his attorney at the time of the settlement conference, a thorough voir dire of defendant should have been conducted "to ensure, so as to preclude any later question, that [defendant and his attorney] had come to agree to settle, that [defendant] understood precisely the issues and their import, and that the settlement was the free and voluntary act of [defendant]," and (2) "a proper voir dire would have removed all questions regarding whether

there even was a settlement, and if so, what the terms of it were" (id. at 8-9); and

**THE COURT** noting the strong public policy in New Jersey favoring settlement agreements, Brundage v. Estate of Carambio, 951 A.2d 947, 961-62 (N.J. 2008); and the Court further noting that, absent compelling circumstances, courts should "strain" to uphold settlements, see Zuccarelli v. State, 741 A.2d 599, 604 (N.J. App. Div. 1999); Bistricer v. Bistricer, 555 A.2d 45, 49 (N.J. Super. 1987); see also Borough of Haledon v. Borough of N. Haledon, 817 A.2d 965, 975 (N.J. App. Div. 2003) (finding an agreement to settle is a contract, which a court, absent a demonstration of fraud or other compelling circumstances, should honor and enforce); Pascarella v. Bruck, 462 A.2d 186, 191 (N.J. App. Div. 1983) (finding an oral agreement as to the essential terms of the agreement is valid even if the parties intend to later execute the formal written document); and

**THE COURT** finding, in accordance with the Magistrate Judge's R&R and New Jersey law, that on May 14, 2008, a binding settlement was formed between the parties (see R&R at 5-6); and the Court further finding that the record reveals that defendant, a well-educated and sophisticated doctor, (1) understood he was participating in a settlement proceeding, (2) was apprised of the terms of the settlement, and (3) agreed, without objecting during the four hour settlement conference, to settle the matter for the

3

terms stated on the record (see dkt. entry no. 101, Tr. at 3-6); and the Court finding, even if defendant and his attorney had "dramatically differing goals," no evidence has been presented that defendant was pressured or misled into agreeing to settle, see Jennings v. Reed, 885 A.2d 482, 488-89 (N.J. App. Div. 2005); see also Newell v. Hudson, 868 A.2d 1149, 1161 (N.J. App. Div. 2005); and the Court noting that defendant fails to cite any authority supporting his position that extensive voir dire in this case was necessary; and

**THE COURT** having thoroughly reviewed the R&R, defendant's objection to the R&R (dkt. entry no. 118), plaintiff's response to the objection (dkt. entry no. 119), and the record before the Magistrate Judge; and the Court finding that defendant's objection is without merit; and

**THE COURT** thus intending to (1) adopt the Magistrate Judge's R&R (dkt. entry no. 116) as the findings of fact and conclusions of law of this Court, (2) deny defendant's objection to the R&R (dkt. entry no 118), (3) grant plaintiff's motion to enforce settlement (dkt. entry no. 103), (4) direct defendant to execute the Settlement Agreement and Release and the Assignment prepared by counsel for both parties and submit those executed documents to plaintiff no later than July 20, 2009, (5) impose sanctions against defendant for the amount of $9,842.78, representing plaintiff's reasonable attorneys fees and costs incurred in

attempting to execute settlement through the time of drafting and filing the motion (see dkt. entry no. 103, Brown Aff. at 6-7), (6) impose sanctions against defendant for the amount of plaintiff's reasonable attorneys fees and costs incurred in preparing for and attending the January 29, 2009 hearing, and (7) allow plaintiff to deduct the amount of the above-referenced sanctions from the settlement payment due to defendant pursuant to the Settlement Agreement and Release; and the Court allowing plaintiff until **June 18, 2009** to submit a supplemental affidavit regarding the amount of plaintiff's reasonable attorneys fees and costs incurred from November 1, 2008 to date, including for preparing for and attending the January 29, 2009 hearing; and the Court allowing defendant until **June 25, 2009** to respond to plaintiff's submission; and the Court intending to issue an appropriate Order after the time for supplemental submissions by the parties has expired.

                                            s/ Mary L. Cooper
                                            **MARY L. COOPER**
                                            United States District Judge

Dated:     June 10, 2009